GARMAN TURNER GORDON LLP
ERIC R. OLSEN
Nevada Bar No. 3127
650 White Drive, Suite 100
Las Vegas, Nevada 89119
Tel: (725) 777-3000
Fax: (725) 777-3112
Email: eolsen@gtg.legal
*Attorneys for Peter Lazare, as Trustee,*
*Third Party Lazare, and Crossclaim Lazare*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re Dispute over Distribution of Assets of the Estate of Mildred Ash<br><br>ASHER B. EDELMAN, J. Edelman<br><br>v.<br><br>UNITED STATES, Lazare<br><br>---<br><br>JON EDELMAN, Cross-claim J. Edelman<br><br>v.<br><br>PETER LAZARE, Trustee, Third Party Lazare and Cross-claim Lazare,<br>And<br>ASHER EDELMAN, Executor, J. Edelman and Cross-claim Lazare, | Case No. 1:15-cv-08644 (JPO)<br><br>Case No. 1:15-cv-08800 (JPO)<br><br>ECF Case<br><br>**SECOND AMENDMENT TO STIPULATION AND ORDER ENTERED OCTOBER 12, 2018** |

The Executor of the Estate of Mildred Ash and the Trustee of the Jon Edelman Trust, through their attorneys, agree and stipulate as follows:

This Honorable Court entered the Stipulation and Order of Settlement and Dismissal (Dkt. 192) on October 12, 2018, including, among others, the following provisions:

WHEREAS, on October 21, 2016, the Ash Estate loaned $131,000 of its assets to Remko Spoelstra, who thereafter defaulted on his repayment obligation, and the Ash Estate commenced an action against Spoelstra to collect the $131,000 principal and interest due, which was pending in this court as *Edelman v. Spoelstra*, 17-CV-4792 (KBF) ("*Spoelstra*"), and as to which a judgment in the amount of $173,477.22 (the "*Spoelstra* Judgment Amount") was signed and entered by Judge Forrest, on May 22, 2018 (*Spoelstra* Dkt. 43); and

WHEREAS, the Ash Estate has agreed that, in the event that it does not collect the full *Spoelstra* Judgment Amount through *Spoelstra*, Asher will take assignment of the Ash Estate's claim in *Spoelstra* and reimburse the Ash Estate out of his personal assets at the time of the final distribution of the Ash Estate assets, so that the Ash Estate will have recouped the entire *Spoelstra* Judgment Amount; and

5.     After the Estate distributes the Trust Taxes Owed, at the appropriate time (as provided by this Stipulation), the Estate shall make the following disbursements (the "Party Disbursements"). The first $1,100,000 of the remaining portion of the Estate Amount is to be divided evenly between the USAO and the Edelman Trust. Any amount remaining in the Ash Estate above the $1,100,000 shall be disbursed to the USAO. Disbursement to the USAO shall be made by electronic funds transfer pursuant to instructions to be provided by the USAO, and disbursement for the Edelman Trust shall be made by wire to the client trust account of Garman Turner Gordon. The only portion of the Estate Amount that will be applied against the Jon Tax Liability is that amount paid to the USAO pursuant to this paragraph and Paragraph 8; and

8.     Within fourteen (14) days of receiving the SCPA § 2203 release from the Surrogate's Court, the *Spoelstra* Judgment Amount shall be distributed by Asher in the manner specified in paragraph 5 unless the *Spoelstra* Judgment Amount has already been deposited into the Ash Estate account, in which case it will be disbursed as part of the Party Distributions.

Thereafter, this Court entered the Amendment to Stipulation and Order entered October 12, 2018 on June 28, 2019 (Dkt. 209), including, among others, the following provisions:

No Petition, as of the date below, having been initiated by the Executor of the Estate, Asher Edelman ("Asher"), in the Surrogate's Court of the State of New York, County of New York, pursuant to SCPA Section 2203 for a release from liability for making Party Disbursements as required by paragraph 6 of the Stipulation and Order entered by the Court on October 12, 2018 (Dkt. No. 192, the "Stipulation and Order"), the Parties to the Stipulation and Order hereby stipulate to amend the Stipulation and Order as follows:

24. The Stipulation and Order shall allow the Parties to proceed from this date forward pursuant to SCPA Section 2202, instead of SCPA Section 2203; and

2

26. The Parties have approved a form of agreement to be filed with the Surrogate's Court pursuant to SCPA Section 2202 ("2202 Agreement"). That 2202 Agreement shall be executed by Asher and the Trustee of the Edelman Trust, Peter Lazare ("Lazare"), contemporaneously with execution of this amendment, but shall not be filed with the Surrogate's Court until the Party Disbursements are made in accordance with Paragraphs 5 and 8 of the Stipulation and Order, which Party Disbursements shall be made by the Ash Estate within five (5) business days of the entry of the Court's order approving this Amendment to Stipulation and Order. In accordance with the Court's Order of May 9, 2019, the Party Disbursements shall include all amounts stated in the 2202 Agreement. Upon confirmation of receipt of Party Disbursements by the USAO and Garman Turner Gordon, Asher shall file the 2202 Agreement with the Surrogate's Court of the State of New York, County of New York.

The Parties further stipulate that the Stipulation and Order entered October 12, 2018, shall in all other respects remain in full force and effect, except as modified by the Court's Order dated May 9, 2019.

Having previously disbursed the Trust Taxes Owed, the Estate contained $633,446.82. After subtracting a $20,000.00 agreed upon reserve for the Estate's legal expenses in defending against the Nevada action by Jon Edelman and relating to settling the Estate (See Dkt. 209 at 2), $613,447.82 remained in the Estate to be divided evenly between the USAO and the Edelman Trust; a share of $306,723.41 each. Per the Court's May 9, 2019 Order, the Trust received $8,159.60, on June 10, 2019, as an advance against its share, thus reducing the Trust's even share to $298,563.81, while the USAO's even share remained at $306,723.41.

On July 5, 2019, the Estate wired $306,723.41 to the USAO but wired only $125,086.50 to the Trust, thus failing to comply with the Court's Orders requiring evenly divided distributions to the USAO and the Trust. The difference in the amounts that were to be evenly divided is equal to the *Spoelstra* Judgment Amount of $173,477.22. Under the Orders of the Court, if the Estate did not collect the full *Spoelstra* Judgment Amount by the time of the final distribution ("Party Disbursements"), Asher Edelman agreed to take assignment of the Estate's claim in *Spoelstra* and reimburse the Estate out of his own personal assets at the time of the Party Disbursements, so that

3

the Estate would have recouped the entire *Spoelstra* Judgment Amount. Asher, however, failed to reimburse the Estate the *Spoelstra* Judgment Amount prior to making the Party Disbursements, unilaterally electing instead to make uneven disbursements, paying the USAO its full share and the Trust only 42% of its share.

The Parties agree that the Trust now has the right to seek enforcement from the Court of its Orders of October 12, 2018 (Dkt. 192) and June 28, 2019 (Dkt. 209) against the Estate and Asher Edelman, and to request any additional and further remedies the Court deems appropriate. Nonetheless, the Trust and the Estate have reached a stipulation under which the Trust will forebear (not release) those rights on the following terms:

THEREFORE, THE PARTIES STIPULATE and the COURT ORDERS, as follows:

WHEREAS,  the Parties stipulate that the above recitals are true and correct; and

WHEREAS, Asher represents that he is sending works of art to Christie's auction house for purposes of being sold in private sale and if not sold, Asher will make his best efforts to have the work included in the November Christie's auction(s); and

WHEREAS, Asher stipulates and agrees to cure his violation of the Court's Orders by paying the full *Spoelstra* Judgment Amount to the Trust by December 27, 2019,

THEREFORE, the Trust will reserve and forebear its rights to enforce the Court's Orders, as outlined above, so long as Asher and the Estate do the following:

1.     Asher has provided to counsel for the Trust,  an appraisal from a certified art appraiser (AAA, ASA, or ISA), conducted in accordance with the industry's generally accepted appraisal practices,  for the  work of art owned by Asher, and upon a final determination by Christie's that the appraised works are valued at not less than a total appraised value of at least $260,215.83 (150% of the *Spoelstra* Judgment Amount) ("Appraised Work(s)");

4

2.      Asher was to provide proof of his ownership by August 23, 2019,  said proof of ownership to be supported by written, verifiable independent documentation, not founded solely upon the personal testimony or representations of Asher, and  Asher provided documentation of a work identified as "Sculpture by P. Calzolari entitled 'Cinghie [avido, mio nome, ripetuto, nebuloso, farfellesco]' 1969," in which he hereby grants a security interest to the Trust for the purposes stated herein;

3.      Upon  acceptance of the Appraised Work as collateral by the Trust, the Trust will prepare, and Asher will execute as requested by the Trust, any documents necessary to perfect the security interest in the Appraised Work, including but not limited to UCC financing statement(s), appropriate for filing and/or recordation in any relevant jurisdiction;

4.      Asher will cause the Appraised Work accepted as security for the Trust's forbearance to be stored in a licensed and insured art storage facility (as documented by a warehouse receipt), unless and until delivered to Christie's for  private sale, and if not sold, for the November auction(s), (and then in Christie's custody) until proceeds of sale are received;

5.      In the case of a private sale, the Trust will file a termination and/or release of the UCC financing statement(s), and a like document for any filing outside the USA, for the Appraised Work immediately upon its counsel receiving a copy of Christie's invoice to the buyer. In the case of auction, the Trust will file a termination and/or release of the UCC financing statement(s),  and a like document for any filing outside the USA, upon its counsel receiving Christie's written confirmation of the net proceeds of sale;

6.      In order to accommodate Christie's policies, Asher will authorize and instruct Christie's to remit payment of the *Spoelstra* Judgment Amount, by wire, to the trust account of his counsel, Franzino & Scher, who will in turn wire the *Spoelstra* Judgment Amount to Garman

Turner Gordon's client trust account, on or before December 27, 2019. Proof of authorization and instruction shall be provided to the Trust immediately.

Upon full payment from Christie's to the Trust of the *Spoelstra* Judgment Amount, the Trust will submit to the Estate's counsel for filing the original 2202 Agreement, pursuant to the Court's Order of June 28, 2019 (Dkt. 209).

The Parties further stipulate that the Stipulation and Order (Dkt. 192), entered October 12, 2018, and the Amendment to Stipulation and Order (Dkt. 209), entered June 28, 2019, shall in all other respects remain in full force and effect, except as modified by the Court's Order dated May 9, 2019.

If the Estate fails to do any of the things enumerated above, or otherwise violates or any of the terms of the Court's Orders that remain in effect, then the Trust's forbearance will immediately cease, and upon request of the Trust the Court will enter a judgment of contempt against Asher, individually and as executor of the Estate, including a judgment for the *Spoelstra* Judgment Amount, along with interest on that amount at the legal rate from July 5, 2019, the Trust's attorney fees and costs incurred to enforce the terms of this Court's Orders from July 5, 2019 forward, and any other remedies or sanctions the Court deems proper at that time.

Dated: _____, 2019

9/4/19

New York, New York

For the United States:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____

JENNIFER JUDE
Assistant United States Attorneys
86 Chambers Street, 3rd floor
New York, NY 10007
Telephone:  (212) 637-2663


Dated: _____, 2019
Las Vegas, Nevada

For Peter Lazare as Trustee of the Edelman Trust:

GARMAN TURNER GORDON LLP

By: _____

ERIC OLSEN
650 White Drive, Suite 100
Las Vegas, NV 89119
Telephone:  (725) 777-3000


Dated: _____, 2019
New York, New York

For Asher Edelman as Executor of the Ash Estate:

FRANZINO & SCHER, LLC

By: _____

FRANK FRANZINO
120 West 45 St., #2801
New York, NY 10036
Telephone:  (212) 230-1140


IT IS SO ORDERED.


_____

HONORABLE J. PAUL OETKEN

7

New York, New York

For the United States:

        GEOFFREY S. BERMAN
        United States Attorney for the
        Southern District of New York

By: _____

        JENNIFER JUDE
        Assistant United States Attorneys
        86 Chambers Street, 3rd floor
        New York, NY 10007
        Telephone: (212) 637-2663

Dated: Sep 4        , 2019
Las Vegas, Nevada

For Peter Lazare as Trustee of the Edelman Trust:

        GARMAN TURNER GORDON LLP

By: _____

        ERIC OLSEN
        650 White Drive, Suite 100
        Las Vegas, NV 89119
        Telephone: (725) 777-3000

Dated: August 29   , 2019
New York, New York

For Asher Edelman as Executor of the Ash Estate:

        FRANZINO & SCHER, LLC

By: _____

        FRANK FRANZINO, Jr.
        120 West 45 St., #2801
        New York, NY 10036
        Telephone: (212) 230-1140

IT IS SO ORDERED.
Dated: September 10, 2019
New York, New York

_____
        J. PAUL OETKEN
        United States District Judge

7